IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CEMENT MASONS UNION LOCAL NO. 592, et al., | CIVIL ACTION |
| Plaintiffs, | |
| v. | No.  13-3002 |
| MICHAEL LUKIS, | |
| Defendant. | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                     **JANUARY 7, 2014**

Presently before this Court is Defendant's "Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the Alternative, Motion for Summary Judgment Pursuant to Rule 56," and Plaintiffs' Response in Opposition.  For the reasons set forth below, Defendant's Motion is denied.

**I.      BACKGROUND**

*The Parties*

Plaintiffs, Cement Masons' Union Local No. 592 Pension Fund ("Pension Fund"), Cement Masons' Union Local No. 592 Welfare Fund ("Welfare Fund") and Cement Masons' Joint Apprenticeship Training Fund of Philadelphia and Vicinity ("Apprentice Fund"), are trust funds established under 29 U.S.C. § 186(c)(5).  Compl. ¶¶ 4-6.  Plaintiff, General Building Contractors Association, Inc. Industry Advancement Program ("IAP"), is a fund established by the General Building Contractors Association, Inc. for the purpose of fostering and advancing the interests of the general building construction industry in the Philadelphia metropolitan area.  Id.

¶ 7. Plaintiff, Cement Masons' Union Local No. 592 Political Action Committee ("PAC"), is an unincorporated association established for the purpose of advancing the political interests of the members of the Union.  Id. ¶ 8.  Plaintiff, Cement Masons' Union Local No. 592 of Philadelphia, Pennsylvania ("Union"), is an unincorporated association commonly referred to as a labor union and is the authorized collection agent for PAC and IAP.  Id. ¶ 9.  The Pension Fund, Welfare Fund, Apprenticeship Fund, IAP, PAC and Union maintain their principal places of business and are administered from offices located in the Eastern District of Pennsylvania.  Id. ¶ 10.  Plaintiff, Bill Ousey ("Ousey"), is a fiduciary with respect to the Pension Fund, Welfare Fund and Apprenticeship Fund.  Id. ¶ 11. Ousey is also Chairman of the PAC and President and Business Manager of the Union.  Id.  Plaintiffs, Pension Fund, Welfare Fund, Apprenticeship Fund, IAP, PAC, Union and Ousey (collectively, "Plaintiffs"), filed suit against Defendant Michael Lukis ("Defendant") alleging that he was doing business as Malcon Contractors, which is an employer with a business office or registered agent operating out of Burlington, New Jersey.  Id. ¶ 12.

*Factual History*

According to Plaintiffs, at all times relevant to this action, Defendant was a party to or agreed to abide by the terms and conditions of a collective bargaining agreement (the "Labor Contract") with the Union.[1]  Id. ¶ 13.  The Labor Contract required Defendant to: (a) make full and timely payments on a monthly basis; (b) file monthly remittance reports detailing all employees or work for which contributions were required under the Labor Contract; and, (3) to produce upon request all books or records deemed necessary to conduct an audit of their records

---

[1] Plaintiffs included a copy of the Labor Contract with the Complaint, which bears the signature of Defendant Lukis as an "authorized representative" of Malcon Contractors.  Compl. ¶ 14; see also Compl. Ex. 1.

concerning their obligations.  Id. ¶ 15.  The Labor Contract further states that in the event Defendant fails to comply with the terms of the contract, Defendant is obligated to pay liquidated damages, interest and all the costs of litigation, including attorneys' fees.  Id.

On May 30, 2013, Plaintiffs filed suit against Defendant for allegedly violating the Labor Contract by failing to provide financial information and neglecting to pay the fees required under the contract.  See Doc. 1.  In this action, Plaintiffs seek an audit of Defendant's financial records and the payment of contributions required under the Labor Contract and ERISA.  Compl. ¶¶ 5-8.

On November 11, 2013, Defendant filed a Motion to Dismiss and/or Motion for Summary Judgment.  See Doc. 4.  Two weeks later, Plaintiffs filed a Response in Opposition on November 25, 2013.  See Doc 5.

## II. STANDARDS OF LAW

### A. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  Pursuant to Rule 12(b)(6), the defendant bears the burden of demonstrating that the plaintiff has failed to set forth a claim from which relief may be granted.  Fed. R. Civ. P. 12(b)(6); see also Lucas v. City of Phila., No. 11-4376, 2012 WL 1555430, at *2 (E.D. Pa. May 2, 2012) (citing Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005)).  In evaluating a motion to dismiss, the court must view any reasonable inferences from the factual allegations in a light most favorable to the plaintiff.  Buck v. Hamilton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2002).

The Supreme Court set forth in Twombly, and further defined in Iqbal, a two-part test to determine whether to grant or deny a motion to dismiss.  See Ashcroft v. Iqbal, 556 U.S. 662,

679 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The United States Court of Appeals for the Third Circuit ("Third Circuit") has noted that these cases signify the progression from liberal pleading requirements to more "exacting scrutiny" of the complaint. Wilson v. City of Phila., 415 F. Appx. 434, 436 (3d Cir. 2011).

Initially, the court must ascertain whether the complaint is supported by well-pleaded factual allegations.  Iqbal, 556 U.S. at 679.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Twombly, 550 U.S. at 555.  Conclusions of law can serve as the foundation of a complaint, but to survive dismissal they must be supported by factual allegations.  Iqbal, 556 U.S. at 679.  These factual allegations must be explicated sufficiently to provide a defendant the type of notice that is contemplated by Rule 8. See Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement of the claim showing that the pleader is entitled to relief); see also Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  Where there are well-pleaded facts, courts must assume their truthfulness.  Iqbal, 556 U.S. at 679.

Upon a finding of a well-pleaded complaint, the court must then determine whether these allegations "plausibly" give rise to an entitlement to relief.  Id. at 679.  This is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. Plausibility compels the pleadings to contain enough factual content to allow a court to make "a reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. 544 at 570).  This is not a probability requirement; rather plausibility necessitates "more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's

liability, it 'stops short of the line between possibility and plausibility.'" Id. (quoting Twombly, 550 U.S. at 557). In other words, a complaint must not only allege entitlement to relief, but must demonstrate such entitlement with sufficient facts to nudge the claim "across the line from conceivable to plausible." Id. at 683; see also Holmes v. Gates, 403 F. App'x 670, 673 (3d Cir. 2010).

### B.   Summary Judgment

Federal Rule of Civil Procedure 56(c) states that summary judgment is proper "if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." See Hines v. Consol. Rail Corp., 926 F.2d 262, 267 (3d Cir. 1991). The Court asks "whether the evidence presents a sufficient disagreement to require submission to the jury or whether . . . one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The moving party has the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "A fact is material if it could affect the outcome of the suit after applying the substantive law. Further, a dispute over a material fact must be 'genuine,' i.e., the evidence must be such 'that a reasonable jury could return a verdict in favor of the non-moving party.'" Compton v. Nat'l League of Prof'l Baseball Clubs, 995 F. Supp. 554, 561 n.14 (E.D. Pa. 1998).

Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Once the moving party has produced evidence in support of summary judgment, the non-moving party must go beyond

the allegations set forth in its pleadings and counter with evidence that presents "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Big Apple BMW, Inc. v. BMW of N. Am. Inc., 974 F.2d 1358, 1362-63 (3d Cir. 1992). "More than a mere scintilla of evidence in its favor" must be presented by the non-moving party in order to overcome a summary judgment motion. Tziatzios v. United States, 164 F.R.D. 410, 411-12 (E.D. Pa. 1996). If the court determines that there are no genuine issues of material fact, then summary judgment will be granted. Celotex, 477 U.S. at 322.

### III.    DISCUSSION

Defendant's Motion hinges on the relationship between Defendant and Malcon Contractors. Defendant argues that Malcon Contractors is owned exclusively by Defendant's wife, Esperanza Lukis, and, therefore, Defendant is not the proper party to this action. This argument is the sole basis for Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment. In contrast, Plaintiffs contend that Defendant is either the sole proprietor or at least a partner with Esperanza Lukis in Malcon Contractors.

#### A.    Motion to Dismiss

The Motion to Dismiss is predicated on Defendant's assertion that Plaintiffs have incorrectly identified him as doing business as Malcon Contractors. Specifically, Defendant contends that the Complaint fails to state a cause of action because Plaintiffs failed to allege facts that would link Defendant to Malcon Contractors or the supposed breaches by Malcon Contractors. In essence, Defendant argues that Plaintiffs have sued the wrong party.

At this early stage in the litigation, we do not find Defendant's argument persuasive. In order to survive a Motion to Dismiss, Plaintiffs must demonstrate that its allegations plausibly

give rise to an entitlement to relief. Iqbal, 556 U.S. at 679. Plausibility requires the pleadings to contain sufficient factual content to enable this Court to make a reasonable inference that Defendant is liable for the alleged misconduct. Id. Plaintiffs have satisfied this standard. The Complaint sufficiently sets forth allegations against Defendant to support their claims. In further support, Plaintiffs have attached to the Complaint the Labor Contract entered into between Plaintiffs and Malcon Contractors, which is signed by Defendant. See Doc. 1; Ex. 1. As Plaintiffs assert, and the contract indicates, the signature bears no reference to Esperanza Lukis or language limiting Defendant's authority. Thus, we are in agreement with Plaintiffs that the "facts allow the inference that Michael (Defendant) was the sole proprietor (or, at least, a partner with Esperanza)." See Pls.' Resp. in Opps'n 4. Accordingly, Plaintiffs have set forth adequate facts to defeat Defendant's Motion to Dismiss.

    **B.**    **Summary Judgment**

In the alternative to dismissing this action, Defendant asks this Court to grant summary judgment in his favor. Included within the Motion for Summary Judgment are public records, which Defendant asserts "unequivocally establish that Esperanza Lukis, not Michael Lukis (Defendant), is the sole and exclusive owner" of Malcon Contractors.[2] This evidence is within the proper purview of the Court under Federal Rule of Civil Procedure 12(d). See Fed. R. Civ. P. 12(b)(6) (mandating the conversion of a motion to dismiss to a motion for summary judgment where party seeks to include evidence outside the pleadings). Accordingly, we treat Defendant's argument and the accompanying documentation as a Motion for Summary Judgment. Id.

---

[2]Specifically, Defendant submits documents addressed solely to Esperanza Lukis assigning a Federal and New Jersey state identification number for tax purposes, and a 2012 Federal tax form showing Esperanza as the proprietor of Malcon Contractors. See Doc. 4; Exs. A, B, C.

At the summary judgment stage, Defendant bears the "burden of demonstrating that there is no genuine issue as to any material fact, and . . . (that) the evidence is such that a reasonable fact finder could find only for the moving party." Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000) (citing Anderson, 477 U.S. at 248). While Defendant has submitted official documents purporting to corroborate his argument that he has no ownership interest in Malcon Contractors, Defendant cannot escape the fact that he signed the Labor Contract as an "authorized representative" of Malcon Contractors. See Compl. Ex. 1. In light of the Labor Contract, we are compelled to hold that there is a genuine issue of material fact for trial, which precludes Defendant's Motion for Summary Judgment. See Jones v. U.P.S., 214 F.3d 402, 407 (3d Cir. 2000) (citing Celotex, 477 U.S. at 324) ("At Summary Judgment, a plaintiff cannot rely on unsupported allegations, but must go beyond the pleadings and provide some evidence that would show that there exists a genuine issue for trial.") Accordingly, Defendant's Motion for Summary Judgement is denied.

## IV. CONCLUSION

In sum, Plaintiffs have provided sufficient evidence to defeat Defendant's Motion at this early stage in the litigation. Furthermore, practical considerations support our denial of Defendant's Motion as Defendant retains the ability to file a post-discovery motion for summary judgment. See Krueger Assocs., Inc. v. Am. Dist. Tel. Co. of Penn., 247 F.3d 61, 65-66 (3d Cir. 2001) (finding that the district court appropriately considered post-discovery motion despite denying pre-discovery summary judgment motion). Thus, Defendant's Motion is denied.

An appropriate Order follows.